

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ALFREDO MONZON-VILLA )<br>)<br>Respondent. ) | No. 00 C 5268<br>Honorable Wayne R. Andersen |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petition of Alfredo Monzon-Villa for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons stated below, we deny the petition.

## BACKGROUND

On May 8, 1996, Monzon-Villa was arrested and charged with participating in a massive drug conspiracy. Specifically, according to the plea agreement, Monzon-Villa conspired with several others to purchase multi-kilogram quantities of cocaine and marijuana and then distribute the narcotics to various customers. Monzon-Villa was subsequently charged in the indictment with possession with intent to distribute mixtures containing cocaine and using a telephone to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), 843 and 846.

On or about January 15, 1998, Monzon-Villa began the proffer process in the presence of his first attorney. During the proffer process, Monzon-Villa provided information regarding his participation in the alleged drug conspiracy and, in particular,

his involvement with "Pio" (the individual identified by Monzon-Villa in the instant motion as the person who recruited him to the conspiracy). Monzon-Villa began to provide substantial detail regarding "Pio's" involvement in drug activities in the January 15, 1998 proffer session, and he continued to provide information to government investigators on May 5, 1998 regarding other individuals involved in illegal drug activities.

Monzon-Villa then entered a plea of guilty and signed a plea agreement with the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure. In the plea agreement Monzon-Villa accepted a sentence of two-thirds of the low end of the applicable guideline range for the charges brought against him (262 months). This Court accepted the plea agreement on May 12, 1998 and sentenced Monzon-Villa to 175 months in the custody of the Bureau of Prisons in October of 1998, pursuant to the agreement. Between the time of the plea agreement and the sentencing, Monzon-Villa had retained a second attorney. Monzon-Villa then appealed his sentence to the United States Court of Appeals for the Seventh Circuit, alleging that his guilty plea was involuntary and that his prison sentence was incorrectly calculated. At that time, his new attorney filed a motion to withdraw from representation of Monzon-Villa on the ground that there were no nonfrivolous issues to be raised on appeal. The Court granted counsel's motion to withdraw and dismissed Monzon-Villa's appeal as frivolous.

The defendant has now retained his third attorney, and petitions this Court for a writ of habeas corpus to grant an evidentiary hearing to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. In support of this motion, Monzon-Villa alleges: 1) the government reneged on their promise to give him a fifty percent reduction from the

minimum sentence; and 2) he had ineffective assistance of counsel because his second attorney did not argue for a fifty percent reduction of the low end of the applicable guideline range, either at the time of sentencing, or upon appeal.

## DISCUSSION

Collateral relief under 28 U.S.C. § 2255, the federal version of habeas corpus, "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to obtain relief under § 2255, the petitioner must establish that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255.

### I. The government's alleged promise of a fifty percent reduction

First, the defendant claims that the government promised him a fifty percent reduction off the low end of the applicable guideline range, rather than the one-third reduction stipulated in the plea agreement. Thus, Monzon-Villa argues that the plea agreement could not have been voluntary because he would not have voluntarily agreed to a one-third reduction after having been promised a fifty percent reduction. However, Monzon-Villa appealed his sentence before the Seventh Circuit on the same theory, and his appeal was denied as frivolous. In the one page order issued by the Seventh Circuit the Court stated that this Court "complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure by ensuring that Monzon was competent to plead guilty. The record in this case shows that [this Court], with the aid of a Spanish-speaking interpreter, carefully questioned Monzon-Villa during the plea colloquy to ensure that he

3

was aware of and understood the ramifications of his guilty plea. [This Court] explained to him the nature of the charge, the terms of the plea agreement, the consequences of a guilty plea, and the possible penalties. Monzon-Villa acknowledged that he understood all of this and also averred that his guilty plea was voluntary." *United States v. Monzon-Villa*, 1999 U.S. App. LEXIS 31251 (citing *United States v. Standiford*, 148 F.3d 864, 868-69 (7th Cir. 1998) (statements made in the plea agreement are presumed accurate)).

Furthermore, the plea agreement clearly states, "the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of two-thirds of the low end of the applicable guideline range." Therefore, Monzon-Villa's voluntary acceptance of the plea agreement included an acceptance of a one-third reduction, irrespective of whether the government had previously promised him a fifty percent reduction or not. Monzon-Villa's sentence of 175 months is equal to roughly two-thirds of the low end of the applicable guideline range (262-327 months), exactly as the parties agreed. Thus, Monzon-Villa cannot successfully petition for a writ of habeas corpus under § 2255 because the sentence was not in excess of the maximum authorized by law, the Court had jurisdiction to impose the sentence, and the existence of a voluntary plea agreement establishes that the sentence was not imposed in violation of the Constitution or laws of the United States.

**II. Ineffective assistance of counsel**

Defendant's second claim in his petition for a writ of habeas corpus alleges ineffective assistance of counsel. This claim is governed by the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that: 1) his attorney's performance was

4

deficient; and 2) that he was actually prejudiced by this deficient performance, *United States v. Fuller*, 312 F.3d 287, 291 (7th Cir. 2002), meaning that "there is reasonable probability that but for [counsel's] unprofessional errors, the results of the proceedings would have been different." *Anderson v. Sternes*, 243 F.3d 1049, 1057, 2001 U.S. App. LEXIS 3893. Moreover, scrutiny of counsel's performance is highly deferential, *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990), and there is a strong presumption that counsel performed effectively. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). To meet his burden, Monzon-Villa must establish specific acts or omissions of his counsel that constitute ineffective assistance. The Court shall then determine whether these acts or omissions were made outside the wide range of professionally competent behavior. *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000).

Monzon-Villa argues that his counsel was ineffective in failing to argue for a reduction in his sentence of fifty percent reduction of the low end of the applicable guideline range. However, this claim for ineffective assistance fails because is does not satisfy either prong of the two-part test from *Strickland*. As an initial matter, the Court does not believe that the performance of Monzon-Villa's lawyer at sentencing and on appeal was deficient because his counsel operated under the terms of the voluntary plea agreement.

Furthermore, as stated above, the Seventh Circuit dismissed Monzon-Villa's appeal regarding his sentence as frivolous. Thus, Monzon-Villa was not actually prejudiced by the failure of his attorney to argue for a fifty percent reduction. Since the

Seventh Circuit determined the claim was frivolous, the outcome would have been the same whether Monzon-Villa's attorney raised the issue or not.

In sum, Monzon-Villa has failed to demonstrate that his attorney's performance fell below an objective standard of reasonableness. Moreover, even if his attorney had argued for the fifty percent reduction, the United States Court of Appeals for the Seventh Circuit determined that such an argument lacked merit because the plea agreement was fully voluntary.

## III. Evidentiary Hearing

Monzon-Villa seeks an evidentiary hearing for the allegations contained in his petition. However, "it is well established in this circuit that the district court need not hold a hearing on § 2255 petitions in every case where the petitioner makes factual allegations." *United States v. Bafia*, 1995 U.S. Dist. LEXIS 1473, *2 (citing *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989). Mere assertions and unsupported allegations cannot sustain a petitioner's request for a hearing. *Id.* at *3 (citing *United States ex re Edwards v. Warden*, 676 F.2d 254, 256 n.3 (7th Cir. 1982)). The Seventh Circuit has made it clear that "in order for a hearing to be granted, the § 2255 petition must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976); *Aleman*, 878 F.2d at 1012-1013; *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987) ("Application must contain assertions of fact that petitioner is in a position to establish by competent evidence."). Allegations which are vague, conclusory, palpably incredible, patently frivolous or hearsay may be summarily dismissed. *Oliver v. United States*, 961 F.2d 1339, 1343 n.5

(7th Cir. 1992); *Shah v. United States*, 878 F.2d 1156 (9th Cir. 1987).

The allegations made by Monzon-Villa in this case are just the type that should be dismissed without a hearing. Not only has the Seventh Circuit determined that Monzon-Villa's claims are frivolous due to the existence of a voluntary plea agreement stipulating a one-third reduction of his sentence, but Monzon-Villa's allegations of a promise of a fifty percent reduction also lack any evidentiary support. The statements regarding such a promise are conclusory statements, and the petition provides no information that would lead one to believe that they are based on actual facts. Thus, because Monzon-Villa's petition provides only unsupported allegations and conclusory statements, the Court uses its discretion to deny an evidentiary hearing in this matter.

## CONCLUSION

For the foregoing reasons, the § 2255 habeas corpus petition by Alfredo Monzon-Villa is denied. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen

United States District Judge

Dated: August 24, 2005